UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| AMBER SHERRILL AND BRY SHERRILL, | § § | |
| Plaintiffs | § | |
| | § | CIVIL ACTION NO. _____ |
| vs. | § | |
| | § | |
| SONYA EXPRESS, INC., | § | (JURY) |
| MICHAEL SCOTT REITZ, | § | |
| JOHNNA RENEE BALDRIDGE | § | |
| and ROMAN LOPEZ RAMOS, | § | |
| Defendants. | | |

**DEFENDANTS SONYA EXPRESS, INC. AND MICHAEL SCOTT REITZ'S
NOTICE OF REMOVAL AND DEMAND FOR JURY TRIAL**

**TO THE HONORABLE UNITED STATES DISTRICT COURT**:

Defendants Sonya Express, Inc. and Michael Scott Reitz ("Defendants") files this Notice of Removal of Cause Number CV-22-0788, styled *Amber Sherrill and Bry Sherrill vs. Sonya Express, Inc., Michael Scott Reitz, Johnna Renee Baldridge and Roman Lopez Ramos*, currently pending in 59th Judicial District Court of Grayson County, Texas.  Defendants remove the case to the U.S. District Court for the Eastern District of Texas, Sherman Division.  As grounds for removal, Defendants state as follows:

**I.
OVERVIEW**

1.1     This case involves a motor vehicle accident which Plaintiffs Amber Sherrill and Bry Sherrill have alleged damages caused by the accident which occurred on or about August 9, 2021 (*See* Plaintiff's Original Petition). Plaintiff commenced this action, styled *Amber Sherrill and Bry Sherrill vs. Sonya Express, Inc., Michael Scott Reitz, Johnna Renee Baldridge and*

*Roman Lopez Ramos*, against Defendants by filing Plaintiff's Original Petition on July 5, 2022, under Cause Number CV-22-0788 in the 59th Judicial District Court of Grayson County, Texas. According to the Plaintiff's Original Petition in that suit, the Plaintiffs seek to recover damages from the Defendant of over $1,000,000.00.   Defendant Sonya Express, Inc. was served the Plaintiffs' Original Petition in that suit on by serving its registered agent on July 8, 2022, and Defendant Michael Scott Reitz was served by personal service on July 9, 2022.   Therefore, this Notice of Removal is timely filed under 28 U.S.C. § 1446(b).   A true and correct copy of all process, pleadings, and the orders served upon Defendants in the District Court action are being filed with this Notice as required by 28 U.S.C. § 1446(a) and are attached hereto as Exhibit "A".

## II.
## DIVERSITY JURISDICTION

2.1    The District Courts of the United States have original jurisdiction over this action based on complete diversity of citizenship between the parties as contemplated by 28 U.S.C. § 1332(a). The Plaintiffs are now, and was at the time the lawsuit was filed, a resident of the State of Texas. (*See* Plaintiff's Original Petition).   Defendant Michael Scott Reitz is now and was at the time the action commenced, a citizen of the State of Ohio. Defendant Sonya Express, Inc. is now, and was at the time the action was commenced, an Ohio corporation with a principal place of business in Brook Park, Ohio.   Defendant Johnna Renee Baldridge is a citizen of the State of Oklahoma.   Defendant Roman Lopez Ramos is a citizen of the State of Oklahoma.

2.2    There being complete diversity of citizenship between Plaintiff and Defendants, this case is properly removed to the U.S. District Court for the Eastern District of Texas, Sherman Division.

## III.
## REMOVAL PROPER

3.1     This Court has original jurisdiction over this case pursuant to 28 U.S.C. § 1332(a)(1) as an action wholly between citizens of different states with the matter in controversy exceeding the sum or value of $1,000,000.00, exclusive of interest and costs.

3.2     Under 28 U.S.C. § 1441(a), the removed action is proper in this Court as the district and division embracing the place where the state court action is pending.

3.3     Defendants, the removing party, will promptly give the parties written notice of the filing of this Notice of Removal as required by 28 U.S.C. § 1446(d).  Defendants will promptly file a copy of this Notice of Removal with the clerk of the 59th Judicial District Court of Grayson County, Texas, where the action is currently pending, also pursuant to 28 U.S.C. § 1446(d).

## IV.
## EXHIBITS ACCOMPANYING REMOVAL

4.1     In conjunction with filing this Notice of Removal, Defendant files the following documents as exhibits:

Exhibit "A" – Index/Documents filed in the 59th Judicial District Court of Grayson County, Texas.

WHEREFORE, PREMISES CONSIDERED, Defendants Sonya Express, Inc. and Michael Scott Reitz, pursuant to these statutes and in conformance with the requirements set forth in 28 U.S.C. § 1446, remove Cause Number CV-22-0788, styled *Amber Sherrill and Bry Sherrill vs. Sonya Express, Inc., Michael Scott Reitz, Johnna Renee Baldridge and Roman Lopez Ramos,* currently pending in 59th Judicial District Court of Grayson County, Texas to this Court on the 4th day of August, 2022, for trial and determination.

Respectfully submitted,

**DAVID ALLEN LAW GROUP, PLLC**

*/s/ T. Glenn Ingram*
T. Glenn Ingram
State Bar No. 24007423

901 Main Street, Suite 6200
Dallas, Texas 75202
(214) 748-5000
(214) 748-1421 Fax
ingram@dallenlg.com

**ATTORNEYS FOR DEFENDANTS**
**SONYA EXPRESS, INC. AND**
**MICHAEL SCOTT REITZ**

## CERTIFICATE OF SERVICE

On the 4th day of August, 2022, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Eastern District of Texas, using the electronic case filing system of the court. I hereby certify that I have served counsel of record electronically and/or by facsimile and/or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2) and by the Texas Rules of Civil Procedure.

*/s/ T. Glenn Ingram*
T. Glenn Ingram

#690602

# EXHIBIT A

Skip to Main Content  Logout  My Account  Search Menu  New Civil Search  Refine Search  Back                    Location : Grayson County    Help

# REGISTER OF ACTIONS
## CASE NO. CV-22-0788

| | |
|---|---|
| Amber Sherrill And Bry Sherrill vs.Sonya Express, Inc., Michael Scott Reitz, Johnna Renee Baldridge, and Roman Lopez Ramos | § § § § § | Case Type: **Injury/Damage: Motor Vehicle** <br> Date Filed: **07/05/2022** <br> Location: **59th District Court** |

---

### PARTY INFORMATION

| | | | Lead Attorneys |
|---|---|---|---|
| Defendant | **Baldridge, Johnna Renee** | Female | |
| Defendant | **Lopez Ramos, Roman** | Male | |
| Defendant | **Reitz, Michael Scott** | Male | **T. Glenn Ingram** <br> *Retained* <br> 214-748-5000(W) |
| Defendant | **Sonya Express, Inc.** | | **T. Glenn Ingram** <br> *Retained* <br> 214-748-5000(W) |
| Plaintiff | **Sherrill, Amber** | Female | **Scott Snellings** <br> *Retained* <br> 214-726-0016(W) |
| Plaintiff | **Sherrill, Bry** | Male | **Scott Snellings** <br> *Retained* <br> 214-726-0016(W) |

---

### EVENTS & ORDERS OF THE COURT

**OTHER EVENTS AND HEARINGS**

| | | | |
|---|---|---|---|
| 07/05/2022 | **Original Petition (OCA)** | | |
| | *Plaintiff's Original Petition and Jury Demand* | | |
| 07/05/2022 | **Citation** | | |
| | Sonya Express, Inc. | Served | 07/08/2022 |
| | | Response Due | 08/01/2022 |
| | | Returned | 07/14/2022 |
| | Reitz, Michael Scott | Served | 07/09/2022 |
| | | Response Due | 08/01/2022 |
| | | Returned | 07/12/2022 |
| | Baldridge, Johnna Renee | Served | 07/09/2022 |
| | | Response Due | 08/01/2022 |
| | | Returned | 07/12/2022 |
| | Lopez Ramos, Roman | Served | 07/09/2022 |
| | | Response Due | 08/01/2022 |
| | | Returned | 07/12/2022 |
| 07/05/2022 | **Issuance of Citation** | | |
| | *COPIES - emailed to attorney for service* | | |
| 08/01/2022 | **Answer** | | |
| | *Defendant Sonya Express, Inc., and Michael Scott Reitz's Original Answer* | | |

---

### FINANCIAL INFORMATION

| | | | | |
|---|---|---|---|---|
| | **Plaintiff** Sherrill, Amber | | | |
| | Total Financial Assessment | | | 382.00 |
| | Total Payments and Credits | | | 382.00 |
| | **Balance Due as of 08/04/2022** | | | **0.00** |
| 07/05/2022 | Transaction Assessment | | | 382.00 |
| 07/05/2022 | E-file Payment | Receipt # DC-2022-03784 | Sherrill, Amber | (245.00) |
| 07/05/2022 | State Credit | | | (137.00) |

**KELLY ASHMORE**
**Grayson County District Clerk**
**Justice Center**
**200 S. Crockett**
**Sherman, TX  7090**

**PARTY(S) ATTORNEY**
**Scott Snellings**
**6617 Virginia Parkway**
**McKinney TX  75071**

# CITATION

## The State of Texas

NOTICE TO DEFENDANT: You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org.

**Sonya Express, Inc.**
**Registered Agent - Aleksandr Zaytsev**
**1711 Skyline Drive**
**Hinckley OH  44233**

Greetings:

You are hereby commanded to appear by filing a written answer to the **PLAINTIFF'S ORIGINAL PETITION AND JURY DEMAND** at or before ten o'clock a.m. on the Monday after the expiration of twenty days after the date of service of this citation before the Honorable **59th District Court** of Grayson County, Texas at the Justice Center of said County in Sherman, Texas.  Said Plaintiff's Petition was filed in said court on the 5th day of July, 2022 this case, numbered **CV-22-0788** on the docket of said court, and styled:

Amber Sherrill And Bry Sherrill vs.Sonya Express, Inc., Michael Scott Reitz, Johnna Renee Baldridge, and Roman Lopez Ramos

The nature of the Plaintiff's demand is fully shown by a true and correct copy of the PLAINTIFF'S ORIGINAL PETITION AND JURY DEMAND accompanying this citation and make a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under hand and seal of said court at Sherman, Texas, 5th day of July, 2022.

**Kelly Ashmore**
District Clerk
Grayson County, Texas

*Jamie Krai*
Deputy

CV-22-0788

CAUSE NO. _____

| | | |
|---|---|---|
| AMBER SHERRILL AND BRY SHERRILL, | § § § | IN THE DISTRICT COURT |
| Plaintiffs, | § § § | Grayson County - 59th District Court |
| vs. | § § | _____ JUDICIAL DISTRICT |
| SONYA EXPRESS, INC., MICHAEL SCOTT REITZ, JOHNNA RENEE BALDRIDGE AND ROMAN LOPEZ RAMOS, | § § § § § § | GRAYSON COUNTY, TEXAS |
| Defendants. | § § | |

## PLAINTIFFS' ORIGINAL PETITION AND JURY DEMAND

TO THE HONORABLE COURT:

COME NOW, AMBER SHERRILL AND BRY SHERRILL, hereinafter referred to as "Plaintiffs" and files this Original Petition complaining of SONYA EXPRESS, INC. (hereinafter referred to as "Defendant Sonya"), MICHAEL SCOTT REITZ ("Defendant Reitz"), JOHNNA RENEE BALDRIDGE ("Defendant Baldridge") AND ROMAN LOPEZ RAMOS ("Defendant Ramos"), and states the following:

### A. Discovery Control Plan

1. Pursuant to Rule 190.1 of the Texas Rules of Civil Procedure, Plaintiffs intend to conduct discovery under Level 3 as set forth in Rule 190.3.

### B. Parties

2. Plaintiff Amber Sherrill is a resident and citizen of Grayson County, Texas residing at 75 Gordonville Road, Gordonville, Texas 76245. The last three digits of Plaintiff's driver's license number are xxx003 and the last three digits of her social security number are xxx616.

3.      Plaintiff Bry Sherrill is a resident and citizen of Grayson County, Texas residing at 75 Gordonville Road, Gordonville, Texas 76245. Plaintiff Bry Sherrill is Plaintiff Amber Sherrill's husband.

4.      Defendant Sonya Express, Inc. is a family-owned trucking company with a principal place of business in Brook Park, Ohio. Defendant Sonya is the owner of the 18-wheeler operated by Defendant Michael Scott Reitz and, upon information and belief, is the employer of Defendant Michael Scott Reitz. Defendant Sonya may be served with process through its Registered Agent, Aleksandr Zaytsev, 1711 Skyline Drive, Hinckley, Ohio 44233.

5.      Defendant Michael Scott Reitz is an employee, agent and/or representative of Defendant Sonya and is a resident and citizen of Cuyahoga County, Ohio, and may be served with process at his last known address, 20100 Lorain Road, #403, Fairview Park, Ohio 44126.

6.      Defendant Johnna Renee Baldridge is a resident and citizen of Haskell County Oklahoma, and may be served with process at her last known residence, 14534 Kerr Lake Road, Keota, Oklahoma 74941. Defendant Baldridge was the operator of the 2001 Jeep Grand Cherokee that lost control of her vehicle and turned horizontal, blocking both lanes of travel.

7.      Defendant Roman Lopez Ramos is a resident and citizen of Haskell County, Oklahoma, and may be served with process at his last known residence, 14534 Kerr Lake Road, Keota, Oklahoma 74941. Defendant Ramos was the owner of the vehicle operated by Defendant Baldridge at the time of the subject crash.

### C. Jurisdiction

8.      The court has jurisdiction over this cause because the amount in controversy exceeds this court's minimum jurisdictional requirements.

### D.  Venue

9.      Venue is proper in Collin County, Texas pursuant to §**15.002(a)(1)**, Texas Civil Practices and Remedies Code, because all or a substantial part of the events leading to this cause occurred in Grayson County, Texas.

### E.  Agency and *Respondeat Superior*

10.     At all times material, all of the agents, servants, employees, officers and directors of Defendant Sonya who were involved in or connected with the occurrence made the basis of this lawsuit, were acting within the course and scope of their employment, acting in their official duties, and acting in furtherance of their office or employer. More specifically, Defendant Reitz was acting in the course and scope of his employment and in furtherance of his duties at the time he caused and/or contributed to the collision made the basis of the suit.

### F.  Facts

11.     On August 9, 2021, at approximately 4:44 p.m., Plaintiff Amber Sherrill was the operator of a GMC Acadia that was traveling northbound on US 75 in the left lane in Sherman, Grayson County, Texas.

12.     At the same time, the vehicle owned by Defendant Ramos and operated by Defendant Baldridge was traveling northbound on US 75 in the right lane. Defendant Baldridge failed to control the speed of her vehicle and, as a result, lost control of her vehicle, causing it to turn horizontally and stop, obstructing both lanes of travel.

13.     Plaintiff Amber Sherrill successfully slowed down to avoid crashing into the vehicle in front of her. Defendant Reitz, who was operating an 18-wheeler owned by Defendant Sonya, was traveling behind Plaintiff and attempted to make an unsafe evasive maneuver into the jersey wall, purportedly to try and avoid a collision with Plaintiff's vehicle. However, Defendant

Reitz was traveling too fast and, due to his unsafe evasive maneuver, crashed the front end of his semi-truck hauling gasoline into the rear-end of Plaintiff's vehicle causing an immediate fire.

14.     The force of the impact propelled Plaintiff's vehicle into the rear end of the vehicle in front of her, before coming to a final rest.

15.     Plaintiff suffered serious injuries and damages which were proximately caused by Defendants' negligence.

### G.  Causes of Action

#### Count I:  Defendant Reitz's Negligence, Negligence Per Se and Gross Negligence

16.     Plaintiffs incorporate the foregoing paragraphs herein by reference as though fully set forth in their entirety.

17.     On the occasion in question, Defendant Reitz was negligent and/or negligent *per se* in operating his 18-wheeler in a manner that violated the duty to which he owed Plaintiff to exercise ordinary care in one or more of the following particulars:

(a)     Failure to control the speed of the 18-wheeler;

(b)     Failure to keep such lookout as a person of ordinary prudence would have kept under the same or similar circumstances;

(c)     Failure to maintain proper attention and give heed to his surroundings as a person of ordinary prudence would have kept under the same or similar circumstances;

(d)     Failure to take appropriate evasive action;

(e)     Failure to stop in time to avoid a collision;

(f)     Failure to maintain proper control of the 18-wheeler;

(g)     Failure to sound his horn as a warning;

(h)     Failure to exercise that degree of ordinary care which a reasonable prudent person would have exercised in the same or similar circumstances;

(i)     Failure to operate the 18-wheeler at speed that is reasonable and prudent under the circumstances and with regard to actual and potential hazards then existing and at a speed necessary to avoid colliding with any vehicle. TEX. TRANS. CODE ANN. **§545.351**;

(j)     Operating the 18-wheeler with willful or wanton disregard for the safety of other persons, which disregard was the result of conscious indifference to the rights, welfare and safety of those persons affected by it in violation of the laws of the State of Texas, including TEX. TRANS. CODE ANN. **§545.401**; and/or

(k)     Failure to maintain an assured clear distances between two vehicles so that, considering the speed of the vehicles, traffic, and the conditions of the highway, the operator can safely stop without colliding with the preceding vehicle or veering into another vehicle, object or person on or near the highway, in violation of the laws of the State of Texas, including TEX. TRANS. CODE ANN. **§545.062**.

18.     Each of the foregoing acts and omissions, singularly or in combination with others, constituted negligence or negligence *per se* by Defendant Reitz and were a proximate cause of the occurrence in question and the serious and permanent injuries to Plaintiff, for which Plaintiff is entitled to recover damages as hereinafter set forth.

19.     Defendant's conduct, viewed objectively from the standpoint of the Defendant at the time of its occurrence, involved an extreme degree of risk, considering the probability and the

magnitude of potential harm to others. Moreover, the Defendant engaged in the conduct with conscious indifference to the rights, safety, or welfare of others, despite the Defendant's actual, subjective awareness of the risk involved. Therefore, Defendant's conduct constituted gross negligence.

## Count II: Defendant Sonya's Respondeat Superior

20.     Plaintiffs incorporate the foregoing paragraphs herein by reference as though fully set forth in their entirety.

21.     At the time of the crash, Defendant Reitz was acting in the course and scope of his employment for Defendant Sonya, who retained the right to control him.

22.     Defendant Reitz was negligent as outlined in detail above.

23.     Defendant Reitz was a proximate cause of the collision as outlined in detail above and seriously and permanently injured the Plaintiff. Therefore, Defendant Sonya is vicariously liable for Defendant Reitz's actions.

## Count III: Defendants Sonya's Negligent Hiring, Supervision, Training, Retention and Gross Negligence

24.     Plaintiffs incorporate the previous paragraphs by reference as though fully set forth in their entirety.

25.     Defendant Sonya was negligent in the hiring of Defendant Reitz. Defendant Sonya owed a legal duty to protect drivers on the road, including the Plaintiff, from Defendant Reitz's actions. Defendant Sonya breached its duty as aforesaid by hiring an incompetent or unfit employee who it knew, or by the exercise of reasonable care should have known, was incompetent or unfit thereby creating an unreasonable risk of harm to others.

26.     Defendant Sonya was negligent in their supervising, training, and retaining of

Defendant Reitz and her supervisors, and the breach of the applicable standard of care by Defendant Reitz and/or her supervisors, as described above, proximately caused injuries and damages to Plaintiff.

27.     Defendant Sonya's negligence in the hiring, supervising, training and retaining of Defendant Reitz was a proximate cause of the collision and seriously and permanently injured the Plaintiff.

28.     Defendants' conduct, when viewed objectively from the standpoint of the Defendant(s) at the time of its occurrence, involved an extreme degree of risk, considering the probability and the magnitude of potential harm to others. Moreover, the Defendant(s) engaged in the conduct with conscious indifference to the rights, safety, or welfare of others, despite the Defendant(s) actual, subjective awareness of the risk involved. Therefore, Defendant(s) conduct constituted gross negligence.

## Count IV: Defendant Sonya's Negligent Entrustment

29.     Plaintiffs incorporate the previous paragraphs by reference as though fully set forth in their entirety.

30.     Defendant Sonya was negligent in entrusting an 18-wheeler it insured, owned, or otherwise exercised control over to Defendant Reitz when it knew or should have known that Defendant Reitz was an unqualified, inexperienced, incompetent or reckless driver. Defendant Sonya's negligent entrustment of its 18-wheeler to Defendant Reitz was a proximate cause of the occurrence made the basis of this suit and Plaintiff's resulting injuries and damages.

## Count V:  Defendant Baldridge's Negligence and Negligence Per Se

31.     Plaintiffs incorporate the foregoing paragraphs herein by reference as though fully set forth in their entirety.

32.    On the occasion in question, Defendant Baldridge was negligent and/or negligent *per se* in operating her vehicle in a manner that violated the duty to which she owed Plaintiff to exercise ordinary care in one or more of the following particulars:

(a)    Failure to control the speed of her vehicle;

(b)    Failure to keep such lookout as a person of ordinary prudence would have kept under the same or similar circumstances;

(c)    Failure to maintain proper attention and give heed to her surroundings as a person of ordinary prudence would have kept under the same or similar circumstances;

(d)    Failure to take appropriate evasive action;

(e)    Failure to maintain her lane of travel;

(f)    Failure to maintain proper control of her vehicle;

(g)    Failure to sound her horn as a warning;

(h)    Failure to exercise that degree of ordinary care which a reasonable prudent person would have exercised in the same or similar circumstances;

(i)    Failure to operate her vehicle at speed that is reasonable and prudent under the circumstances and with regard to actual and potential hazards then existing and at a speed necessary to avoid colliding with any vehicle. TEX. TRANS. CODE ANN. **§545.351**;

(j)    Operating her vehicle with willful or wanton disregard for the safety of other persons, which disregard was the result of conscious indifference to the rights, welfare and safety of those persons affected by it in violation of

the laws of the State of Texas, including TEX. TRANS. CODE ANN. §545.401; and/or

(k)     Failure to maintain an assured clear distances between two vehicles so that, considering the speed of the vehicles, traffic, and the conditions of the highway, the operator can safely stop without colliding with the preceding vehicle or veering into another vehicle, object or person on or near the highway, in violation of the laws of the State of Texas, including TEX. TRANS. CODE ANN. §545.062.

33.     Each of the foregoing acts and omissions, singularly or in combination with others, constituted negligence or negligence *per se* by Defendant Reitz and were a proximate cause of the occurrence in question and the serious and permanent injuries to Plaintiff, for which Plaintiff is entitled to recover damages as hereinafter set forth.

### Count VI: Defendant Ramos' Negligent Entrustment

34.     Plaintiffs incorporate the previous paragraphs by reference as though fully set forth in their entirety.

35.     Defendant Ramos was negligent in entrusting a vehicle he insured, owned, or otherwise exercised control over to Defendant Baldridge when he knew or should have known that Defendant Baldridge was an unqualified, inexperienced, incompetent or reckless driver. Defendant Ramos' negligent entrustment of his vehicle to Defendant Baldridge was a proximate cause of the occurrence made the basis of this suit and Plaintiff's resulting injuries and damages.

## H. Damages

36.    As a result of the above-described acts of Defendants, Plaintiff Amber Sherrill has been severely and permanently damaged. Accordingly, Plaintiffs are entitled to recover against Defendants for all such applicable damages under Texas law.

37.    Plaintiffs are entitled to recover the following items of damages, which are in an amount in excess of the minimal jurisdictional limits of this Court.

      (a)    **Past and future medical expenses**: Plaintiff AMBER SHERRILL has paid and/or incurred reasonable and necessary health care and medical expenses that were caused by the incident in the past and will, in reasonable probability, sustain the same in the future;

      (b)    **Past and future physical pain:** Plaintiff AMBER SHERRILL has sustained physical pain in the past and, in reasonable probability, will continue to sustain physical pain in the future;

      (c)    **Past and future mental anguish**: Plaintiff AMBER SHERRILL has endured mental anguish in the past and will, in reasonable probability, endure mental anguish in the future;

      (d)    **Past and future physical impairment/loss of enjoyment of life**: Plaintiff AMBER SHERRILL has sustained physical impairment in the past and, in reasonable probability, will continue to sustain physical impairment in the future;

      (e)    **Past disfigurement:** Plaintiff AMBER SHERRILL has sustained disfigurement in the past; and

(f) **Past and future loss of consortium:**  Because of the serious, permanent and disabling physical injuries to Plaintiff Amber Sherrill, Plaintiff Bry Sherrill has suffered damage to the mutual right of a husband/wife and to that affection, solace, comfort, companionship, society, assistance, sexual relations, emotional support, love and felicity necessary to a successful husband/wife relationship. Accordingly, Plaintiff Bry Sherrill has sustained loss of consortium in the past, and in reasonable probability, will sustain loss of consortium in the future.

(h) **Past and future loss of household services:** Because of the serious, permanent and disabling physical injuries to Plaintiff Amber Sherrill, Plaintiff Bry Sherrill has suffered damage to the performance of household and domestic duties by his wife to the marriage. Accordingly, Plaintiff Bry Sherrill has sustained loss of household services in the past, and in reasonable probability, will sustain a loss of household services in the future.

38.     The acts and/or omissions of Defendants Sonya and Reitz as set out above constitutes an entire want of care so as to indicate that the acts and/or omissions in question were the result of conscious indifference to the rights, welfare, and safety of Plaintiff, or that they constitute gross negligence, as that term is defined by law, so as to give rise to an award of exemplary damages.  The acts and/or omissions of Defendants, which when viewed objectively from the standpoint of the Defendants at the time of the occurrences, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others; of which Defendants had had actual, subjective awareness of the risk involved but nevertheless proceeded with

conscious indifference to the rights, welfare, and safety of others. The acts and/or omissions of the Defendants, as set out above, constitute gross negligence, as that term is defined by law, so as to give rise to an award of exemplary damages against the Defendants. The Court should assess exemplary damages against Defendants in an amount that will punish Defendants and deter others from engaging in similar malicious and grossly negligent conduct.

### Rule 47 Statement of Monetary Relief Sought

Plaintiffs prefer to have the trier of fact determine the fair amount of compensation for Plaintiffs' damages, and it is too early in the case to assess the full nature and scope of Plaintiffs' injuries. Plaintiffs place the decision regarding the amount of compensation to be awarded in the trier of fact's hands and seek damages that are fair and reasonable. Rule 47 of the Texas Rules of Civil Procedure, however, requires Plaintiffs to provide a statement regarding the amount of monetary relief sought. Accordingly, because the trier of fact should be awarded absolute discretion over the damages and should not be required to keep its award within any caps, Plaintiffs state that if the trier of fact believes the evidence supports it, Plaintiffs seek monetary relief in the category of damages – **monetary relief over $1,000,000.00** - and demands judgment for all other relief to which they deem they are entitled.

### I. Rule 193.7 Notice

39.    Pursuant to Texas Rules of Civil Procedure 193.7, notice is hereby given of the intention to use any of the documents exchanged and/or produced between any party during the trial of this case. All conditions precedent to Plaintiffs' right to recover the relief sought herein have occurred or have been performed.

### J. Jury Demand

40.     Plaintiffs request that this case be tried to a jury and have tendered the appropriate jury fee with the filing of this Petition.

### K. Designated E-Service E-Mail Address

41.     The following is the undersigned attorney's designated e-service e-mail address for all e-served documents and notices, filed and unfiled, pursuant to Tex. R. Civ. P. 21(f)(2) & 21a: legal@mytexasfirm.com.  This is the undersigned's only e-service e-mail address, and service through any other e-mail address will be considered invalid.

### L. Prayer

42.     WHEREFORE, PREMISES CONSIDERED, Plaintiffs request judgment of the Court awarding the following, all in amounts in excess of the jurisdictional minimums of this Court:

      a.     Actual damages;

      b.     Pre- and Post-Judgment interest;

      c.     Costs of suit; and

      d.     All other relief to which Plaintiffs may show themselves entitled.

Respectfully submitted,

**JASON K. BURRESS**
State Bar No. 24036292
**KYLE H. DREYER**
State Bar No. 06119500
**KYLE R. HEJL**
State Bar No. 24035578
**BRIAN L. MINCHER**
State Bar No. 24052669
**BURRESS LAW, PLLC**
6617 Virginia Parkway
McKinney, Texas 75071
Tel: (214) 726-0016
Fax: (214) 865-7336
**\*E-Service E-mail:** legal@mytexasfirm.com
**\*E-Service is only accepted at the above
designated e-service e-mail address**

**ATTORNEYS FOR PLAINTIFFS**

FILED
8/1/2022 1:39 PM
Kelly Ashmore
District Clerk
Grayson County

## CAUSE NO. CV-22-0788

| | | |
|---|---|---|
| AMBER SHERRILL AND | § | IN THE DISTRICT COURT |
| BRY SHERRILL, | § | |
|     Plaintiffs, | § | |
| v. | § | 59TH JUDICIAL COURT |
| | § | |
| SONYA EXPRESS, INC., | § | |
| MICHAEL SCOTT REITZ, | § | |
| JOHNNA RENEE BALDRIDGE | § | |
| and ROMAN LOPEZ RAMOS | § | |
|     Defendants. | § | GRAYSON COUNTY, TEXAS |

### DEFENDANTS SONYA EXPRESS, INC. AND MICHAEL SCOTT REITZ'S ORIGINAL ANSWER

COMES NOW SONYA EXPRESS, INC. AND MICHAEL SCOTT REITZ ("Defendants") and files this Original Answer and would respectfully show the Court as follows:

### I.

### GENERAL DENIAL

Defendants deny all and singular, each and every allegation contained in Plaintiffs' petition, and states that the same are not true in whole or in part, and demand strict proof thereof by a preponderance of the evidence.

### II.

### AFFIRMATIVE DEFENSES

Pleading further in the affirmative, pursuant to Rule 94 of the Texas Rules of Civil Procedure, Defendants allege the following affirmative defenses:

1.    Defendants assert that any injuries and damages sustained by Plaintiffs were proximately caused, in whole or in part, by the acts, omissions, or defects of Plaintiff Amber Sherrill and/or third parties, conditions, or tangible items over whom or which Defendants had no control and that those acts, omissions, or defects were the sole or proximate cause of the Plaintiffs'

alleged injuries and damages and/or were a new and independent cause of the injuries and damages sustained by Plaintiffs, if any.

2.      Defendants also submit that Plaintiff Amber Sherrill's own actions and negligence were a proximate cause of the accident, as well as all of her damages claimed in this lawsuit.

3.      Pleading further in the affirmative, Defendants would submit that at the time and on the occasion in question, Michael Scott Reitz was confronted by an emergency which arose suddenly and unexpectedly, not proximately caused by any act of negligence on its part, which called for immediate action on the part of Defendant without time for deliberation; and after the sudden emergency arose, it acted reasonably and prudently as any, under the same or similar circumstances.

4.      Pleading further in the affirmative, Defendants would also submit that the accident in question, and all of the damages complained of by the Plaintiffs, were the result of an unavoidable accident or occurrence, and not reasonably foreseeable by Michael Scott Reitz.

5.      Pleading further, and in the alternative, Defendants assert that Plaintiffs' damages, if any, were caused by the act or omission of a separate and independent agency, not reasonably foreseeable, that destroyed the causal connection, if any, between any act or omission of Defendants and the circumstances of the accident made the basis of this suit and the resulting injuries and damages, if any, allegedly sustained by Plaintiffs.

6.      Pleading further, and in the alternative, Defendants would show that the Plaintiffs' claims are barred in whole or in part due to Plaintiffs' failure to mitigate any damages allegedly resulting from the occurrence in question.  Defendants hereby assert that it is entitled to an offset and/or credit to the extent Plaintiffs failed to mitigate damages.

7.      Pleading further, and in the alternative, Defendants would show that Plaintiffs' injuries, if any, were the result of prior, pre-existing and/or subsequent injuries, accidents, or physical conditions, and said prior, pre-existing and/or subsequent injuries, accidents, or physical conditions, were the sole, independent, and/or contributing cause of the Plaintiffs' alleged damages.

8.      Defendants would submit that the damages claimed by Plaintiffs were caused by the negligence of Defendants Johnna Renee Baldridge ("Baldridge") and Roman Lopez Ramos ("Ramos").  Said negligence of Defendants Baldridge and Ramos were the sole cause, or in the alternative, a proximate cause of the damages complained of by Plaintiffs.  Defendants Sonya Express, Inc. and Michael Scott Reitz would submit that Defendants Baldridge and Ramos were negligent and/or contributorily negligent on the occasion in question, in one or more of the following particulars:

(a)     Failing to keep a proper lookout to the surrounding traffic conditions such as a reasonable and prudent person would have done under the circumstances;

(b)     Failing to take the proper evasive action under the circumstances;

(c)     Driving at a greater rate of speed than was reasonable and prudent under the existing conditions;

(d)     Failing to operate her vehicle in a safe and prudent manner;

(e)     Failing to maintain her lane of travel;

(f)     Failing to pay attention to their surroundings;

(g)     Failing to maintain proper control of her vehicle;

(h)     Failing to properly maintain the vehicle in which Baldridge was driving at the time of the incident; and

(i)     Failing to maintain an assured clear distance between two vehicles so that, considering the speed, traffic, conditions of the highway, the operator can safely stop without veering into another lane of travel.

Defendants Sonya Express, Inc. and Michael Scott Reitz  state that the above is not meant to be an all-inclusive list of the negligent acts on the part of Defendants Baldridge and Ramos but submit that each of the foregoing acts and/or omissions constitute negligence, and that such negligence was the sole cause or, in the alternative, a proximate case of the incident and the damages allegedly sustained by Plaintiffs.

9.      Pleading further, and in the alternative, Defendants assert that the Plaintiffs' medical damages, if any, should be subject to the provisions of § 41.0105 *et. seq*. of the Texas Civil Practice and Remedies Code.

10.     To the extent Plaintiffs seek recovery of lost wages, loss of earning capacity, loss of contributions of a pecuniary value, or loss of inheritance, Defendants rely on Texas Civil Practice & Remedies Code §18.091(a) and (b) in requiring Plaintiffs to prove the loss, if any, in the form of a net loss after reduction for income tax payments or unpaid tax liability pursuant to any federal income tax law and that the Court instruct the jury as to whether the recovery, if any, for compensatory damages sought by Plaintiffs is subject to federal or state income taxes.

11.     In the unlikely event that Defendants Sonya Express, Inc. and Michael Scott Reitz should be found liable for the injuries and damages claimed by the Plaintiffs, Defendants Sonya Express, Inc. and Michael Scott Reitz are entitled to contribution and/or indemnity from Plaintiffs and/or Defendants Baldridge and Ramos.

### III.

### <u>JURY DEMAND</u>

Defendants hereby request a trial by jury of all issues of fact in this case.

## IV.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Sonya Express, Inc. and Michael Scott Reitz respectfully prays that Plaintiffs take nothing from Defendants Sonya Express, Inc. and Michael Scoot Reitz as a result of this action, or alternatively that Defendants have contribution and/or indemnity over and against Plaintiffs and/or Defendants Baldridge and Ramos; that Defendants recover their costs; and for all such other and further relief at law or in equity, both special and general, to which Defendants may be justly entitled to receive.

Respectfully submitted,

**DAVID ALLEN LAW GROUP, PLLC**

*/s/ T. Glenn Ingram*
T. Glenn Ingram
State Bar No. 24007423
12222 Merit Drive, Suite 1200
Dallas, Texas 75251
(214) 748-5000 Telephone
(214) 748-1421 Facsimile
ingram@dallenlg.com

**ATTORNEYS FOR DEFENDANTS
SONYA EXPRESS, INC. AND
MICHAEL SCOTT REITZ**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument was served on all counsel of records in compliance with the Texas Rules of Civil Procedure on the 1st day of August 2022.

*/s/ T. Glenn Ingram*
T. Glenn Ingram

#690361

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Nancy Rittenberry on behalf of Thomas Ingram
Bar No. 24007423
rittenberry@dallenlg.com
Envelope ID: 66844512
Status as of 8/2/2022 12:54 PM CST

Associated Case Party: Amber Sherrill

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Jason Burress | | legal@mytexasfirm.com | 8/1/2022 1:39:50 PM | SENT |

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Nancy Rittenberry on behalf of Thomas Ingram
Bar No. 24007423
rittenberry@dallenlg.com
Envelope ID: 66844512
Status as of 8/2/2022 12:54 PM CST

Associated Case Party: Bry Sherrill

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Jason Burress | | legal@mytexasfirm.com | 8/1/2022 1:39:50 PM | SENT |

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Nancy Rittenberry on behalf of Thomas Ingram
Bar No. 24007423
rittenberry@dallenlg.com
Envelope ID: 66844512
Status as of 8/2/2022 12:54 PM CST
Associated Case Party: Sonya Express, Inc.

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Debbie Spencer | | spencer@dallenlg.com | 8/1/2022 1:39:50 PM | SENT |
| Nancy Rittenberry | | rittenberry@dallenlg.com | 8/1/2022 1:39:50 PM | SENT |
| Thomas GlennIngram | | ingram@dallenlg.com | 8/1/2022 1:39:50 PM | SENT |

CAUSE NO. CV-22-0788

| | | |
|---|---|---|
| **AMBER SHERRILL AND BRY** | § | **IN THE DISTRICT COURT OF** |
| **SHERRILL,** | § | |
| *Plaintiffs,* | § | |
| | § | |
| **v.** | § | **59TH JUDICIAL DISTRICT** |
| | § | |
| **SONYA EXPRESS, INC.,** | § | |
| **MICHAEL SCOTT REITZ,** | § | |
| **JOHNNA RENEE BALDRIDGE** | § | |
| **AND ROMAN LOPEZ RAMOS** | § | |
| *Defendants.* | § | **GRAYSON COUNTY, TEXAS** |

## DEFENDANT JOHNNA RENEE BALDRIDGE'S ORIGINAL ANSWER TO PLAINTIFFS' ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

Defendant, Johnna Renee Baldridge, files this Original Answer to Plaintiffs' Original Petition, and in support thereof shows as follows:

### GENERAL DENIAL

1.      Defendant denies generally each and every material allegation contained in the Plaintiffs' Original Petition, as well as those made in any supplements or amendments thereto, in accordance with the provisions of Texas Rule of Civil Procedure 92 and demands strict proof of each and every claim and allegation made therein.

### AFFIRMATIVE DEFENSES

2.      Without waiving the foregoing, Defendant asserts that Plaintiff has failed to mitigate damages, if any.

3.      Pleading further and without waiving the foregoing, Defendant asserts her right to contribution under the appropriate laws and statutes of the State of Texas in proportion to the

percentage of fault, if any, attributable to Plaintiff, any other defendant or responsible third parties.

4.      Pleading further and without waiving the foregoing, Defendant asserts that there was an offer and acceptance of a settlement agreement.

5.      Pleading further and without waiving the foregoing, Defendant asserts by way of affirmative defense that Plaintiffs' claims are barred in whole or in part because of a settlement and release in this case.

6.      Pleading further and without waiving the foregoing, Defendant asserts the affirmative defense of offset.

7.      Pleading further and without waiving the foregoing, Defendant asserts the affirmative defense of excessive demand.

## INITIAL DISCLOSURE

8.      Defendant requests Plaintiffs disclose the information contained in Texas Rule of Civil Procedure 194.2 within 30 days of receipt of this Answer.

## RULE 193.7 NOTICE

9.      Pursuant to Texas Rule of Civil Procedure 193.7, Defendant hereby gives Plaintiffs actual notice that any and all documents produced by Plaintiffs may be used against Plaintiffs at any pre-trial proceeding and/or trial of this matter without the necessity of authenticating those documents.

## PRAYER

For the reasons above, Defendant, Johnna Renee Baldridge prays that Plaintiffs recover nothing by their suit, that Defendant Johnna Renee Baldridge be discharged from all liability, together with costs, and for such other and further relief, whether in law or in equity, to which Defendant is entitled.

Page **2** of **3**

Respectfully submitted,

NAMAN, HOWELL, SMITH & LEE, PLLC
400 Austin Avenue, Suite 800
Waco, Texas 76701
(254) 755-4100
FAX (254) 754-6331

BY: _____

    Neal E. Pirkle
    State Bar No. 00794464
    pirkle@namanhowell.com
    Allison S. Luckey
    State Bar No. 24121161
    aluckey@namanhowell.com

**ATTORNEYS FOR DEFENDANTS
JOHNNA RENEE BALDRIDGE AND
ROMAN LOPEZ RAMOS**

<u>CERTIFICATE OF SERVICE</u>

    This is to certify that a true and correct copy of the above and foregoing Defendant Johnna Renee Baldridge's Original Answer has been served via the Court's e-filing system to counsel of record for Plaintiffs on this the 3rd day of August, 2022.

_____
Neal E. Pirkle

4881-0487-4029, v. 1

CAUSE NO. CV-22-0788

| | | |
|---|---|---|
| **AMBER SHERRILL AND BRY** | § | **IN THE DISTRICT COURT OF** |
| **SHERRILL,** | § | |
| *Plaintiffs,* | § | |
| | § | |
| **v.** | § | **59TH JUDICIAL DISTRICT** |
| | § | |
| **SONYA EXPRESS, INC.,** | § | |
| **MICHAEL SCOTT REITZ,** | § | |
| **JOHNNA RENEE BALDRIDGE,** | § | |
| **AND ROMAN LOPEZ RAMOS** | § | |
| *Defendants.* | § | **GRAYSON COUNTY, TEXAS** |

## DEFENDANT ROMAN LOPEZ RAMOS' ORIGINAL ANSWER TO PLAINTIFFS' ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

Defendant, Roman Lopez Ramos, files this Original Answer to Plaintiffs' Original Petition, and in support thereof shows as follows:

### GENERAL DENIAL

1.     Defendant denies generally each and every material allegation contained in the Plaintiffs' Original Petition, as well as those made in any supplements or amendments thereto, in accordance with the provisions of Texas Rule of Civil Procedure 92 and demands strict proof of each and every claim and allegation made therein.

### AFFIRMATIVE DEFENSES

2.     Without waiving the foregoing, Defendant asserts that Plaintiff has failed to mitigate damages, if any.

3.     Pleading further and without waiving the foregoing, Defendant asserts his right to contribution under the appropriate laws and statutes of the State of Texas in proportion to the

Page **1** of 3

percentage of fault, if any, attributable to Plaintiff, any other defendant or responsible third parties.

4.      Pleading further and without waiving the foregoing, Defendant asserts that there was an offer and acceptance of a settlement agreement.

5.      Pleading further and without waiving the foregoing, Defendant asserts by way of affirmative defense that Plaintiffs' claims are barred in whole or in part because of a settlement and release in this case.

6.      Pleading further and without waiving the foregoing, Defendant asserts the affirmative defense of offset.

7.      Pleading further and without waiving the foregoing, Defendant asserts the affirmative defense of excessive demand.

## INITIAL DISCLOSURE

8.      Defendant requests Plaintiffs disclose the information contained in Texas Rule of Civil Procedure 194.2 within 30 days of receipt of this Answer.

## RULE 193.7 NOTICE

9.      Pursuant to Texas Rule of Civil Procedure 193.7, Defendant hereby gives Plaintiffs actual notice that any and all documents produced by Plaintiffs may be used against Plaintiffs at any pre-trial proceeding and/or trial of this matter without the necessity of authenticating those documents.

## PRAYER

For the reasons above, Defendant, Roman Lopez Ramos prays that Plaintiffs recover nothing by their suit, that Defendant Roman Lopez Ramos be discharged from all liability, together with costs, and for such other and further relief, whether in law or in equity, to which Defendant is entitled.

4895-6508-1645, v. 1

Respectfully submitted,

NAMAN, HOWELL, SMITH & LEE, PLLC
400 Austin Avenue, Suite 800
Waco, Texas 76701
(254) 755-4100
FAX (254) 754-6331

BY: _____

     Neal E. Pirkle
     State Bar No. 00794464
     pirkle@namanhowell.com
     Allison S. Luckey
     State Bar No. 24121161
     aluckey@namanhowell.com

**ATTORNEYS FOR DEFENDANTS
JOHNNA RENEE BALDRIDGE AND
ROMAN LOPEZ RAMOS**

CERTIFICATE OF SERVICE

     This is to certify that a true and correct copy of the above and foregoing Defendant Roman Lopez Ramos' Original Answer has been served via the Court's e-filing system to counsel of record for Plaintiffs on this the 3rd day of August, 2022.

_____

Neal E. Pirkle

4895-6508-1645, v. 1

CAUSE NO. CV-22-0788

| | | |
|---|---|---|
| **AMBER SHERRILL AND BRY** | § | **IN THE DISTRICT COURT** |
| **SHERRILL,** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| **vs.** | § | **59TH JUDICIAL DISTRICT** |
| | § | |
| **SONYA EXPRESS, INC.,** | § | |
| **MICHAEL SCOTT REITZ,** | § | |
| **JOHNNA RENEE BALDRIDGE** | § | |
| **AND ROMAN LOPEZ RAMOS,** | § | |
| | § | **GRAYSON COUNTY, TEXAS** |
| **Defendants.** | § | |
| | § | |

## PLAINTIFFS' OBJECTION TO AUTHENTICITY
## OF DOCUMENTS PRODUCED IN DISCOVERY

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, **AMBER SHERRILL AND BRY SHERRILL**, hereinafter referred to as "Plaintiffs," and files this objection to Defendants **JOHNNA RENEE BALDRIDGE AND ROMAN LOPEZ RAMOS**, hereinafter referred to as "Defendant Baldridge," and "Defendant Lopez Ramos" Rule 193.7 Notice.

Defendants Baldridge and Lopez Ramos notified Plaintiff on August 3, 2022, that they intend to use all documents produced by Plaintiffs in response to Defendants' requests for written discovery in all pretrial proceedings and at the time of trial.  Defendants' Rule 193.7 Notice was included in Defendants' Original Answers which is attached as **"Exhibit A" and "Exhibit B"** and incorporated herein for all purposes.

## I.  INTRODUCTION

On August 3, 2022, Defendants filed their Original Answer. Included within Defendants Baldridge and Defendant Lopez Ramos' Original Answers was Defendants' Rule 193.7 Notice.

To date, no documents have been produced by Plaintiffs in response to written discovery (which have not been served on Plaintiffs).

According to Texas Rules of Civil Procedure 193.7, Plaintiffs have ten (10) days to object once they receive Defendants' notice.  Therefore, due to the timing of Defendants' notice, Plaintiffs are objecting without the benefit of knowing what documents will be produced.

## II. ARGUMENTS

A party's production of documents in response to written discovery authenticates the documents for use against that party, unless the producing party objects to their use within ten days after the producing party has actual notice that the documents will be used.  Tex. R. Civ. P. 193.7.

This objection is filed within ten days of the date Plaintiffs learned that Defendants intend to use documents produced by Plaintiffs in pretrial hearing or trial.

As stated above, no documents have been produced in response to written discovery to date.  Thus, because Plaintiffs do not yet have personal knowledge of what documents *will* be produced, Plaintiffs object to the authenticity of documents because Plaintiffs do not know whether the documents are what they claim to be.  Texas Rules of Evidence 901(b)(1).

Plaintiffs have a good-faith factual and legal basis for making this objection.  Tex. R. Civ. P. 193.7.  At this point, Plaintiffs cannot determine whether they are the proper party to prove up the authenticity of the documents to be produced due to the timing of Defendants' notice. Therefore, Plaintiffs object to Defendants using documents produced in response to Defendants' written discovery in a pretrial hearing or at trial without laying the foundation to authenticate the documents through the testimony or affidavit of any person who has personal knowledge of the documents.

WHEREFORE PREMISES CONSIDERED, Plaintiffs respectfully request the Court sustain Plaintiffs' objection to Defendants' Rule 193.7 Notice.

Respectfully submitted,

/s/ Kyle H. Dryer

**JASON K. BURRESS**
State Bar No. 24036292
**KYLE H. DREYER**
State Bar No. 06119500
**KYLE R. HEJL**
State Bar No. 24035578
**BRIAN MINCHER**
State Bar No. 24052669
**GRIFFIN J. SCHEUMACK**
State Bar No. 24097168
**Burress Law, PLLC**
6617 Virginia Parkway
McKinney, Texas 75071
Tel: (214) 726-0016
Fax: (214) 865-7336
**\*E-Service E-mail: legal@mytexasfirm.com**
**\*E-Service is only accepted at the above
designated e-service e-mail address**
**ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served in compliance with Rules 21 and 21a of the Texas Rules of Civil Procedure on the 3rd day of August 2022, to:

**VIA ELECTRONIC SERVICE**
Mr. Neal E. Pirkle
NAMAN, HOWELL, SMITH & LEE, PLLC
400 Austin Ave, Ste. 800
Waco, TX 76701
(254)755-4100
Email: pirkle@namanhowell.com
*Attorneys for Defendant Baldridge and Lopez Ramos*

/s/ Kyle H. Dryer

_____

**KYLE H. DREYER**

# EXHIBIT "A"

CAUSE NO. CV-22-0788

| | | |
|---|---|---|
| AMBER SHERRILL AND BRY SHERRILL, | § | IN THE DISTRICT COURT OF |
| *Plaintiffs,* | § | |
| | § | |
| | § | |
| v. | § | 59TH JUDICIAL DISTRICT |
| | § | |
| SONYA EXPRESS, INC., | § | |
| MICHAEL SCOTT REITZ, | § | |
| JOHNNA RENEE BALDRIDGE | § | |
| AND ROMAN LOPEZ RAMOS | § | |
| *Defendants.* | § | GRAYSON COUNTY, TEXAS |

## DEFENDANT JOHNNA RENEE BALDRIDGE'S ORIGINAL ANSWER TO PLAINTIFFS' ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

Defendant, Johnna Renee Baldridge, files this Original Answer to Plaintiffs' Original Petition, and in support thereof shows as follows:

### GENERAL DENIAL

1.      Defendant denies generally each and every material allegation contained in the Plaintiffs' Original Petition, as well as those made in any supplements or amendments thereto, in accordance with the provisions of Texas Rule of Civil Procedure 92 and demands strict proof of each and every claim and allegation made therein.

### AFFIRMATIVE DEFENSES

2.      Without waiving the foregoing, Defendant asserts that Plaintiff has failed to mitigate damages, if any.

3.      Pleading further and without waiving the foregoing, Defendant asserts her right to contribution under the appropriate laws and statutes of the State of Texas in proportion to the

Page 1 of 3

percentage of fault, if any, attributable to Plaintiff, any other defendant or responsible third parties.

4.      Pleading further and without waiving the foregoing, Defendant asserts that there was an offer and acceptance of a settlement agreement.

5.      Pleading further and without waiving the foregoing, Defendant asserts by way of affirmative defense that Plaintiffs' claims are barred in whole or in part because of a settlement and release in this case.

6.      Pleading further and without waiving the foregoing, Defendant asserts the affirmative defense of offset.

7.      Pleading further and without waiving the foregoing, Defendant asserts the affirmative defense of excessive demand.

### INITIAL DISCLOSURE

8.      Defendant requests Plaintiffs disclose the information contained in Texas Rule of Civil Procedure 194.2 within 30 days of receipt of this Answer.

### RULE 193.7 NOTICE

9.      Pursuant to Texas Rule of Civil Procedure 193.7, Defendant hereby gives Plaintiffs actual notice that any and all documents produced by Plaintiffs may be used against Plaintiffs at any pre-trial proceeding and/or trial of this matter without the necessity of authenticating those documents.

### PRAYER

For the reasons above, Defendant, Johnna Renee Baldridge prays that Plaintiffs recover nothing by their suit, that Defendant Johnna Renee Baldridge be discharged from all liability, together with costs, and for such other and further relief, whether in law or in equity, to which Defendant is entitled.

Page **2** of **3**

4881-0487-4029, v. 1

Respectfully submitted,

NAMAN, HOWELL, SMITH & LEE, PLLC
400 Austin Avenue, Suite 800
Waco, Texas 76701
(254) 755-4100
FAX (254) 754-6331

BY: _____

Neal E. Pirkle
State Bar No. 00794464
pirkle@namanhowell.com
Allison S. Luckey
State Bar No. 24121161
aluckey@namanhowell.com

**ATTORNEYS FOR DEFENDANTS
JOHNNA RENEE BALDRIDGE AND
ROMAN LOPEZ RAMOS**

CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above and foregoing Defendant Johnna Renee Baldridge's Original Answer has been served via the Court's e-filing system to counsel of record for Plaintiffs on this the 3rd day of August, 2022.

_____

Neal E. Pirkle

Page **3** of **3**

# EXHIBIT "B"

CAUSE NO. CV-22-0788

| | | |
|---|---|---|
| AMBER SHERRILL AND BRY SHERRILL, | § | IN THE DISTRICT COURT OF |
| *Plaintiffs,* | § | |
| | § | |
| | § | |
| v. | § | 59TH JUDICIAL DISTRICT |
| | § | |
| SONYA EXPRESS, INC., | § | |
| MICHAEL SCOTT REITZ, | § | |
| JOHNNA RENEE BALDRIDGE, | § | |
| AND ROMAN LOPEZ RAMOS | § | |
| *Defendants.* | § | GRAYSON COUNTY, TEXAS |

## DEFENDANT ROMAN LOPEZ RAMOS' ORIGINAL ANSWER TO PLAINTIFFS' ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

Defendant, Roman Lopez Ramos, files this Original Answer to Plaintiffs' Original Petition, and in support thereof shows as follows:

### GENERAL DENIAL

1.      Defendant denies generally each and every material allegation contained in the Plaintiffs' Original Petition, as well as those made in any supplements or amendments thereto, in accordance with the provisions of Texas Rule of Civil Procedure 92 and demands strict proof of each and every claim and allegation made therein.

### AFFIRMATIVE DEFENSES

2.      Without waiving the foregoing, Defendant asserts that Plaintiff has failed to mitigate damages, if any.

3.      Pleading further and without waiving the foregoing, Defendant asserts his right to contribution under the appropriate laws and statutes of the State of Texas in proportion to the

Page **1** of **3**

4895-6508-1645, v. 1

percentage of fault, if any, attributable to Plaintiff, any other defendant or responsible third parties.

4.      Pleading further and without waiving the foregoing, Defendant asserts that there was an offer and acceptance of a settlement agreement.

5.      Pleading further and without waiving the foregoing, Defendant asserts by way of affirmative defense that Plaintiffs' claims are barred in whole or in part because of a settlement and release in this case.

6.      Pleading further and without waiving the foregoing, Defendant asserts the affirmative defense of offset.

7.      Pleading further and without waiving the foregoing, Defendant asserts the affirmative defense of excessive demand.

## INITIAL DISCLOSURE

8.      Defendant requests Plaintiffs disclose the information contained in Texas Rule of Civil Procedure 194.2 within 30 days of receipt of this Answer.

## RULE 193.7 NOTICE

9.      Pursuant to Texas Rule of Civil Procedure 193.7, Defendant hereby gives Plaintiffs actual notice that any and all documents produced by Plaintiffs may be used against Plaintiffs at any pre-trial proceeding and/or trial of this matter without the necessity of authenticating those documents.

## PRAYER

For the reasons above, Defendant, Roman Lopez Ramos prays that Plaintiffs recover nothing by their suit, that Defendant Roman Lopez Ramos be discharged from all liability, together with costs, and for such other and further relief, whether in law or in equity, to which Defendant is entitled.

4895-6508-1645, v. 1

Respectfully submitted,

NAMAN, HOWELL, SMITH & LEE, PLLC
400 Austin Avenue, Suite 800
Waco, Texas 76701
(254) 755-4100
FAX (254) 754-6331

BY: _____
     Neal E. Pirkle
     State Bar No. 00794464
     pirkle@namanhowell.com
     Allison S. Luckey
     State Bar No. 24121161
     aluckey@namanhowell.com

**ATTORNEYS FOR DEFENDANTS
JOHNNA RENEE BALDRIDGE AND
ROMAN LOPEZ RAMOS**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above and foregoing Defendant Roman Lopez Ramos' Original Answer has been served via the Court's e-filing system to counsel of record for Plaintiffs on this the 3rd day of August, 2022.

_____
Neal E. Pirkle

JS 44 (Rev. 11/15)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFF

AMBER SHERRILL AND BRY SHERRILL

**(b)** County of Residence of First Listed Plaintiff  Grayson County, TX

*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Jason K. Burress, Kyle H. Dreyer, Kyle R. Hejl, and Brian L. Mincher, **BURRESS LAW, PLLC**, 6617 Virginia Parkway, McKinney, TX 75071, 214-726-0016

## DEFENDANTS

SONYA EXPRESS, INC. AND MICHAEL SCOTT REITZ

County of Residence of First Listed Defendant  Cuyahoga County, Ohio
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

T. Glenn Ingram, **DAVID ALLEN LAW GROUP, PLLC**, 12222 Merit Drive, Suite 1200, Dallas, Texas 75251, 214-, 748-5000

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1   U.S. Government Plaintiff
- ☐ 2   U.S. Government Defendant
- ☐ 3   Federal Questions *(U.S. Government Not a Party)*
- **X** 4   Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | X 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | X 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ─110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal | ☐ 376 Qui Tam (31 USC |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Product Liability | | 28 USC 157 | 3729(a)) |
| ☐ 140 Negotiable Instrument | Liability | ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| & Enforcement of Judgment | Slander | Personal Injury | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted | Liability | ☐ 368 Asbestos Personal | | ☐ 840 Trademark | ☐ 460 Deportation |
| Student Loans | ☐ 340 Marine | Injury Product | | | ☐ 470 Racketeer Influenced and |
| (Excludes Veterans) | ☐ 345 Marine Product | Liability | | **LABOR** | Corrupt Organizations |
| ☐ 153 Recovery of Overpayment | Liability | **PERSONAL PROPERTY** | ☐ 710 Fair Labor Standards | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| of Veteran's Benefits | ✗ 350 Motor Vehicle | ☐ 370 Other Fraud | Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 720 Labor/Management | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ |
| ☐ 190 Other Contract | Product Liability | ☐ 380 Other Personal | Relations | ☐ 863 DIWC/DIWW (405(g)) | Exchange |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Property Damage | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | ☐ 385 Property Damage | ☐ 751 Family and Medical | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| | ☐ 362 Personal Injury - | Product Liability | Leave Act | | ☐ 893 Environmental Matters |
| | Medical Malpractice | | ☐ 790 Other Labor Litigation | | ☐ 895 Freedom of Information |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement | **FEDERAL TAX SUITS** | Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | Income Security Act | ☐ 870 Taxes (U.S. Plaintiff | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | or Defendant) | ☐ 899 Administrative Procedure |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate | | ☐ 871 IRS—Third Party | Act/Review or Appeal of |
| ☐ 240 Torts to Land | ☐ 443 Housing/ | Sentence | | 26 USC 7609 | Agency Decision |
| ☐ 245 Tort Product Liability | Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 535 Death Penalty | **IMMIGRATION** | | State Statutes |
| | Employment | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 446 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration | | |
| | Other | ☐ 550 Civil Rights | Actions | | |
| | ☐ 448 Education | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - | | | |
| | | Conditions of | | | |
| | | Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☐ 1   Original Proceeding
- ☒ 2   Removed from State Court
- ☐ 3   Remanded from Appellate Court
- ☐ 4   Reinstated or Reopened
- ☐ 5   Transferred from Another District *(specify)*
- ☐ 6   Multidistrict Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity):*
28 U.S.C. §§ 1332(a); 1441(a); and 1446
Brief description of cause: Alleged injuries from a MVA.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:

JURY DEMAND:   **X** Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____   DOCKET NUMBER _____

DATE  8/4/2022

SIGNATURE OF ATTORNEY OF RECORD  */s/ T. Glenn Ingram*

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

## Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed.  The attorney filing a case should complete the form as follows:

I.(a)   **Plaintiffs-Defendants.**  Enter names (last, first, middle initial) of plaintiff and defendant.  If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations.  If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b)   **County of Residence.**  For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing.  In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing.  (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c)   **Attorneys.**  Enter the firm name, address, telephone number, and attorney of record.  If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II.   **Jurisdiction.**  The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings.  Place an "X" in one of the boxes.  If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff.  (1) Jurisdiction based on 28 U.S.C. 1345 and 1348.  Suits by agencies and officers of the United States are included here.
United States defendant.  (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question.  (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States.  In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship.  (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states.  When Box 4 is checked, the citizenship of the different parties must be checked.  (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

III.   **Residence (citizenship) of Principal Parties.**  This section of the JS 44 is to be completed if diversity of citizenship was indicated above.  Mark this section for each principal party.

IV.   **Nature of Suit.**  Place an "X" in the appropriate box.  If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerk(s) in the Administrative Office to determine the nature of suit.  If the cause fits more than one nature of suit, select the most definitive.

V.   **Origin.**  Place an "X" in one of the six boxes.
Original Proceedings.  (1) Cases which originate in the United States district courts.
Removed from State Court.  (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.  When the petition for removal is granted, check this box.
Remanded from Appellate Court.  (3) Check this box for cases remanded to the district court for further action.  Use the date of remand as the filing date.
Reinstated or Reopened.  (4) Check this box for cases reinstated or reopened in the district court.  Use the reopening date as the filing date.
Transferred from Another District.  (5) For cases transferred under Title 28 U.S.C. Section 1404(a).  Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation.  (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.  When this box is checked, do not check (5) above.

VI.   **Cause of Action.**  Report the civil statute directly related to the cause of action and give a brief description of the cause.  **Do not cite jurisdictional statutes unless diversity.**  Example: U.S. Civil Statute: 47 USC 553  Brief Description: Unauthorized reception of cable service

VII.   **Requested in Complaint.**  Class Action.  Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand.  In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand.  Check the appropriate box to indicate whether or not a jury is being demanded.

VIII.   **Related Cases.**  This section of the JS 44 is used to reference related pending cases, if any.  If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.**  Date and sign the civil cover sheet.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

## Supplemental Civil Cover Sheet For Cases Removed
## From State Court

**This form must be attached to the Civil Cover Sheet at the time the case is filed in the U.S. District Clerk's Office.  Additional sheets may be used as necessary.**

1. **State Court Information:**

   Please identify the court from which the case is being removed and specify the number assigned to the case in that court.

   | **Court** | **Case Number** |
   |---|---|
   | 59th District Court<br>Grayson County, Texas | CV-22-0788 |

2. **Style of the Case:**

   Please include all Plaintiff(s), Defendant(s), Intervenor(s), Counterclaimant(s), Crossclaimant(s) and Third Party Claimant(s) still remaining in the case and indicate their party type. Also, please list the attorney(s) of record for each party named and include their bar number, firm name, correct mailing address, and phone number (including area code.)

   | **Party and Party Type** | **Attorney(s)** |
   |---|---|
   | Plaintiff, Amber Sherrill and Bry Sherrill | Jason K. Burress<br>Kyle H. Dreyer<br>Brian L. Mincher<br>**BURRESS LAW, PLLC**<br>6617 Virginia Parkway<br>McKinney, TX 75071<br>214-726-0016<br>214-865-7336 Fax<br>josh@mytexasfirm.com |
   | Defendants, Sonya Express, Inc. and Michael Scott Reitz | T. Glenn Ingram<br>State Bar No. 24007423<br>**DAVID ALLEN LAW GROUP, PLLC**<br>12222 Merit Drive, Suite 1200<br>Dallas, Texas  75251<br>214-748-5000<br>214-748-1421 – fax<br>ingram@dallenlg.com |

**Supplemental Civil Cover Sheet**
**Page 2**

Johnna Renee Baldridge and
   Roman Lopez Ramos

Neal E. Pirkle
State Bar No. 00794464
pirkle@namanhowell.com
Allison S. Luckey
State Bar No. 24121161
aluckey@namanhowell.com
**NAMAN, HOWELL, SMITH & LEE, PLLC**
400 Austin Avenue, Suite 800
Waco, TX 76701
(254) 755-4100
(254) 754-6331 Fax

3.    **Jury Demand:**

Was a Jury Demand made in State Court?    **X Yes**    No

If "*Yes*," by which party and on what date?

Defendants Sonya Express, Inc.
And Michael Scott Reitz                August 1, 2022
Party                                    Date

4.    **Answer:**

Was an Answer made in State Court?    **X Yes**    No
If "*Yes*," by which party and on what date?

Defendants Sonya Express, Inc.
And Michael Scott Reitz                August 1, 2022
Party                                      Date

Defendants Johnna Renee Baldridge
And Roman Lopez Ramos               August 3, 2022
Party                                      Date

5.    **Unserved Parties:**

The following parties have not been served at the time this case was removed:

**Party**                                    **Reason(s) for No Service**

N/A

**Supplemental Civil Cover Sheet**
**Page 3**

6.      **Nonsuited, Dismissed or Terminated Parties:**

Please indicate any changes from the style on the State Court papers and the reason for that change:

| <u>Party</u> | <u>Reason</u> |
|---|---|
| N/A | |

7.      **Claims of the Parties:**

The filing party submits the following summary of the remaining claims of each party in this litigation:

| <u>Party</u> | <u>Claim(s)</u> |
|---|---|
| Plaintiff | Negligence, Respondeat Superior Liability |