CV-22-0788

CAUSE NO. _____

| | | |
|---|---|---|
| AMBER SHERRILL AND BRY SHERRILL, | § § § | IN THE DISTRICT COURT |
| Plaintiffs, | § § | Grayson County - 59th District Court |
| vs. | § § § | _____ JUDICIAL DISTRICT |
| SONYA EXPRESS, INC., MICHAEL SCOTT REITZ, JOHNNA RENEE BALDRIDGE AND ROMAN LOPEZ RAMOS, | § § § § § | |
| Defendants. | § § § | GRAYSON COUNTY, TEXAS |

## PLAINTIFFS' ORIGINAL PETITION AND JURY DEMAND

TO THE HONORABLE COURT:

COME NOW, AMBER SHERRILL AND BRY SHERRILL, hereinafter referred to as "Plaintiffs" and files this Original Petition complaining of SONYA EXPRESS, INC. (hereinafter referred to as "Defendant Sonya"), MICHAEL SCOTT REITZ ("Defendant Reitz"), JOHNNA RENEE BALDRIDGE ("Defendant Baldridge") AND ROMAN LOPEZ RAMOS ("Defendant Ramos"), and states the following:

### A. Discovery Control Plan

1. Pursuant to Rule 190.1 of the Texas Rules of Civil Procedure, Plaintiffs intend to conduct discovery under Level 3 as set forth in Rule 190.3.

### B. Parties

2. Plaintiff Amber Sherrill is a resident and citizen of Grayson County, Texas residing at 75 Gordonville Road, Gordonville, Texas 76245. The last three digits of Plaintiff's driver's license number are xxx003 and the last three digits of her social security number are xxx616.

3. Plaintiff Bry Sherrill is a resident and citizen of Grayson County, Texas residing at 75 Gordonville Road, Gordonville, Texas 76245. Plaintiff Bry Sherrill is Plaintiff Amber Sherrill's husband.

4. Defendant Sonya Express, Inc. is a family-owned trucking company with a principal place of business in Brook Park, Ohio. Defendant Sonya is the owner of the 18-wheeler operated by Defendant Michael Scott Reitz and, upon information and belief, is the employer of Defendant Michael Scott Reitz. Defendant Sonya may be served with process through its Registered Agent, Aleksandr Zaytsev, 1711 Skyline Drive, Hinckley, Ohio 44233.

5. Defendant Michael Scott Reitz is an employee, agent and/or representative of Defendant Sonya and is a resident and citizen of Cuyahoga County, Ohio, and may be served with process at his last known address, 20100 Lorain Road, #403, Fairview Park, Ohio 44126.

6. Defendant Johnna Renee Baldridge is a resident and citizen of Haskell County Oklahoma, and may be served with process at her last known residence, 14534 Kerr Lake Road, Keota, Oklahoma 74941. Defendant Baldridge was the operator of the 2001 Jeep Grand Cherokee that lost control of her vehicle and turned horizontal, blocking both lanes of travel.

7. Defendant Roman Lopez Ramos is a resident and citizen of Haskell County, Oklahoma, and may be served with process at his last known residence, 14534 Kerr Lake Road, Keota, Oklahoma 74941. Defendant Ramos was the owner of the vehicle operated by Defendant Baldridge at the time of the subject crash.

### C. Jurisdiction

8. The court has jurisdiction over this cause because the amount in controversy exceeds this court's minimum jurisdictional requirements.

### D. Venue

9.  Venue is proper in Collin County, Texas pursuant to §15.002(a)(1), Texas Civil Practices and Remedies Code, because all or a substantial part of the events leading to this cause occurred in Grayson County, Texas.

### E. Agency and *Respondeat Superior*

10. At all times material, all of the agents, servants, employees, officers and directors of Defendant Sonya who were involved in or connected with the occurrence made the basis of this lawsuit, were acting within the course and scope of their employment, acting in their official duties, and acting in furtherance of their office or employer. More specifically, Defendant Reitz was acting in the course and scope of his employment and in furtherance of his duties at the time he caused and/or contributed to the collision made the basis of the suit.

### F. Facts

11. On August 9, 2021, at approximately 4:44 p.m., Plaintiff Amber Sherrill was the operator of a GMC Acadia that was traveling northbound on US 75 in the left lane in Sherman, Grayson County, Texas.

12. At the same time, the vehicle owned by Defendant Ramos and operated by Defendant Baldridge was traveling northbound on US 75 in the right lane. Defendant Baldridge failed to control the speed of her vehicle and, as a result, lost control of her vehicle, causing it to turn horizontally and stop, obstructing both lanes of travel.

13. Plaintiff Amber Sherrill successfully slowed down to avoid crashing into the vehicle in front of her. Defendant Reitz, who was operating an 18-wheeler owned by Defendant Sonya, was traveling behind Plaintiff and attempted to make an unsafe evasive maneuver into the jersey wall, purportedly to try and avoid a collision with Plaintiff's vehicle. However, Defendant

Reitz was traveling too fast and, due to his unsafe evasive maneuver, crashed the front end of his semi-truck hauling gasoline into the rear-end of Plaintiff's vehicle causing an immediate fire.

14. The force of the impact propelled Plaintiff's vehicle into the rear end of the vehicle in front of her, before coming to a final rest.

15. Plaintiff suffered serious injuries and damages which were proximately caused by Defendants' negligence.

### G. Causes of Action

#### Count I: Defendant Reitz's Negligence, Negligence Per Se and Gross Negligence

16. Plaintiffs incorporate the foregoing paragraphs herein by reference as though fully set forth in their entirety.

17. On the occasion in question, Defendant Reitz was negligent and/or negligent *per se* in operating his 18-wheeler in a manner that violated the duty to which he owed Plaintiff to exercise ordinary care in one or more of the following particulars:

    (a) Failure to control the speed of the 18-wheeler;

    (b) Failure to keep such lookout as a person of ordinary prudence would have kept under the same or similar circumstances;

    (c) Failure to maintain proper attention and give heed to his surroundings as a person of ordinary prudence would have kept under the same or similar circumstances;

    (d) Failure to take appropriate evasive action;

    (e) Failure to stop in time to avoid a collision;

    (f) Failure to maintain proper control of the 18-wheeler;

    (g) Failure to sound his horn as a warning;

 (h) Failure to exercise that degree of ordinary care which a reasonable prudent person would have exercised in the same or similar circumstances;

 (i) Failure to operate the 18-wheeler at speed that is reasonable and prudent under the circumstances and with regard to actual and potential hazards then existing and at a speed necessary to avoid colliding with any vehicle. TEX. TRANS. CODE ANN. §545.351;

 (j) Operating the 18-wheeler with willful or wanton disregard for the safety of other persons, which disregard was the result of conscious indifference to the rights, welfare and safety of those persons affected by it in violation of the laws of the State of Texas, including TEX. TRANS. CODE ANN. §545.401; and/or

 (k) Failure to maintain an assured clear distances between two vehicles so that, considering the speed of the vehicles, traffic, and the conditions of the highway, the operator can safely stop without colliding with the preceding vehicle or veering into another vehicle, object or person on or near the highway, in violation of the laws of the State of Texas, including TEX. TRANS. CODE ANN. §545.062.

18. Each of the foregoing acts and omissions, singularly or in combination with others, constituted negligence or negligence *per se* by Defendant Reitz and were a proximate cause of the occurrence in question and the serious and permanent injuries to Plaintiff, for which Plaintiff is entitled to recover damages as hereinafter set forth.

19. Defendant's conduct, viewed objectively from the standpoint of the Defendant at the time of its occurrence, involved an extreme degree of risk, considering the probability and the

magnitude of potential harm to others. Moreover, the Defendant engaged in the conduct with conscious indifference to the rights, safety, or welfare of others, despite the Defendant's actual, subjective awareness of the risk involved. Therefore, Defendant's conduct constituted gross negligence.

## Count II: Defendant Sonya's Respondeat Superior

20. Plaintiffs incorporate the foregoing paragraphs herein by reference as though fully set forth in their entirety.

21. At the time of the crash, Defendant Reitz was acting in the course and scope of his employment for Defendant Sonya, who retained the right to control him.

22. Defendant Reitz was negligent as outlined in detail above.

23. Defendant Reitz was a proximate cause of the collision as outlined in detail above and seriously and permanently injured the Plaintiff. Therefore, Defendant Sonya is vicariously liable for Defendant Reitz's actions.

## Count III: Defendants Sonya's Negligent Hiring, Supervision, Training, Retention and Gross Negligence

24. Plaintiffs incorporate the previous paragraphs by reference as though fully set forth in their entirety.

25. Defendant Sonya was negligent in the hiring of Defendant Reitz. Defendant Sonya owed a legal duty to protect drivers on the road, including the Plaintiff, from Defendant Reitz's actions. Defendant Sonya breached its duty as aforesaid by hiring an incompetent or unfit employee who it knew, or by the exercise of reasonable care should have known, was incompetent or unfit thereby creating an unreasonable risk of harm to others.

26. Defendant Sonya was negligent in their supervising, training, and retaining of

Defendant Reitz and her supervisors, and the breach of the applicable standard of care by Defendant Reitz and/or her supervisors, as described above, proximately caused injuries and damages to Plaintiff.

27. Defendant Sonya's negligence in the hiring, supervising, training and retaining of Defendant Reitz was a proximate cause of the collision and seriously and permanently injured the Plaintiff.

28. Defendants' conduct, when viewed objectively from the standpoint of the Defendant(s) at the time of its occurrence, involved an extreme degree of risk, considering the probability and the magnitude of potential harm to others. Moreover, the Defendant(s) engaged in the conduct with conscious indifference to the rights, safety, or welfare of others, despite the Defendant(s) actual, subjective awareness of the risk involved. Therefore, Defendant(s) conduct constituted gross negligence.

### Count IV: Defendant Sonya's Negligent Entrustment

29. Plaintiffs incorporate the previous paragraphs by reference as though fully set forth in their entirety.

30. Defendant Sonya was negligent in entrusting an 18-wheeler it insured, owned, or otherwise exercised control over to Defendant Reitz when it knew or should have known that Defendant Reitz was an unqualified, inexperienced, incompetent or reckless driver. Defendant Sonya's negligent entrustment of its 18-wheeler to Defendant Reitz was a proximate cause of the occurrence made the basis of this suit and Plaintiff's resulting injuries and damages.

### Count V: Defendant Baldridge's Negligence and Negligence Per Se

31. Plaintiffs incorporate the foregoing paragraphs herein by reference as though fully set forth in their entirety.

32. On the occasion in question, Defendant Baldridge was negligent and/or negligent *per se* in operating her vehicle in a manner that violated the duty to which she owed Plaintiff to exercise ordinary care in one or more of the following particulars:

 (a) Failure to control the speed of her vehicle;

 (b) Failure to keep such lookout as a person of ordinary prudence would have kept under the same or similar circumstances;

 (c) Failure to maintain proper attention and give heed to her surroundings as a person of ordinary prudence would have kept under the same or similar circumstances;

 (d) Failure to take appropriate evasive action;

 (e) Failure to maintain her lane of travel;

 (f) Failure to maintain proper control of her vehicle;

 (g) Failure to sound her horn as a warning;

 (h) Failure to exercise that degree of ordinary care which a reasonable prudent person would have exercised in the same or similar circumstances;

 (i) Failure to operate her vehicle at speed that is reasonable and prudent under the circumstances and with regard to actual and potential hazards then existing and at a speed necessary to avoid colliding with any vehicle. TEX. TRANS. CODE ANN. §545.351;

 (j) Operating her vehicle with willful or wanton disregard for the safety of other persons, which disregard was the result of conscious indifference to the rights, welfare and safety of those persons affected by it in violation of

the laws of the State of Texas, including TEX. TRANS. CODE ANN. §545.401; and/or

(k) Failure to maintain an assured clear distances between two vehicles so that, considering the speed of the vehicles, traffic, and the conditions of the highway, the operator can safely stop without colliding with the preceding vehicle or veering into another vehicle, object or person on or near the highway, in violation of the laws of the State of Texas, including TEX. TRANS. CODE ANN. §545.062.

33. Each of the foregoing acts and omissions, singularly or in combination with others, constituted negligence or negligence *per se* by Defendant Reitz and were a proximate cause of the occurrence in question and the serious and permanent injuries to Plaintiff, for which Plaintiff is entitled to recover damages as hereinafter set forth.

### *Count VI: Defendant Ramos' Negligent Entrustment*

34. Plaintiffs incorporate the previous paragraphs by reference as though fully set forth in their entirety.

35. Defendant Ramos was negligent in entrusting a vehicle he insured, owned, or otherwise exercised control over to Defendant Baldridge when he knew or should have known that Defendant Baldridge was an unqualified, inexperienced, incompetent or reckless driver. Defendant Ramos' negligent entrustment of his vehicle to Defendant Baldridge was a proximate cause of the occurrence made the basis of this suit and Plaintiff's resulting injuries and damages.

## H. Damages

36. As a result of the above-described acts of Defendants, Plaintiff Amber Sherrill has been severely and permanently damaged. Accordingly, Plaintiffs are entitled to recover against Defendants for all such applicable damages under Texas law.

37. Plaintiffs are entitled to recover the following items of damages, which are in an amount in excess of the minimal jurisdictional limits of this Court.

(a) **Past and future medical expenses**: Plaintiff AMBER SHERRILL has paid and/or incurred reasonable and necessary health care and medical expenses that were caused by the incident in the past and will, in reasonable probability, sustain the same in the future;

(b) **Past and future physical pain:** Plaintiff AMBER SHERRILL has sustained physical pain in the past and, in reasonable probability, will continue to sustain physical pain in the future;

(c) **Past and future mental anguish**: Plaintiff AMBER SHERRILL has endured mental anguish in the past and will, in reasonable probability, endure mental anguish in the future;

(d) **Past and future physical impairment/loss of enjoyment of life**: Plaintiff AMBER SHERRILL has sustained physical impairment in the past and, in reasonable probability, will continue to sustain physical impairment in the future;

(e) **Past disfigurement:** Plaintiff AMBER SHERRILL has sustained disfigurement in the past; and

 (f) **Past and future loss of consortium:** Because of the serious, permanent and disabling physical injuries to Plaintiff Amber Sherrill, Plaintiff Bry Sherrill has suffered damage to the mutual right of a husband/wife and to that affection, solace, comfort, companionship, society, assistance, sexual relations, emotional support, love and felicity necessary to a successful husband/wife relationship. Accordingly, Plaintiff Bry Sherrill has sustained loss of consortium in the past, and in reasonable probability, will sustain loss of consortium in the future.

 (h) **Past and future loss of household services:** Because of the serious, permanent and disabling physical injuries to Plaintiff Amber Sherrill, Plaintiff Bry Sherrill has suffered damage to the performance of household and domestic duties by his wife to the marriage. Accordingly, Plaintiff Bry Sherrill has sustained loss of household services in the past, and in reasonable probability, will sustain a loss of household services in the future.

38. The acts and/or omissions of Defendants Sonya and Reitz as set out above constitutes an entire want of care so as to indicate that the acts and/or omissions in question were the result of conscious indifference to the rights, welfare, and safety of Plaintiff, or that they constitute gross negligence, as that term is defined by law, so as to give rise to an award of exemplary damages. The acts and/or omissions of Defendants, which when viewed objectively from the standpoint of the Defendants at the time of the occurrences, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others; of which Defendants had actual, subjective awareness of the risk involved but nevertheless proceeded with

conscious indifference to the rights, welfare, and safety of others. The acts and/or omissions of the Defendants, as set out above, constitute gross negligence, as that term is defined by law, so as to give rise to an award of exemplary damages against the Defendants. The Court should assess exemplary damages against Defendants in an amount that will punish Defendants and deter others from engaging in similar malicious and grossly negligent conduct.

### Rule 47 Statement of Monetary Relief Sought

Plaintiffs prefer to have the trier of fact determine the fair amount of compensation for Plaintiffs' damages, and it is too early in the case to assess the full nature and scope of Plaintiffs' injuries. Plaintiffs place the decision regarding the amount of compensation to be awarded in the trier of fact's hands and seek damages that are fair and reasonable. Rule 47 of the Texas Rules of Civil Procedure, however, requires Plaintiffs to provide a statement regarding the amount of monetary relief sought. Accordingly, because the trier of fact should be awarded absolute discretion over the damages and should not be required to keep its award within any caps, Plaintiffs state that if the trier of fact believes the evidence supports it, Plaintiffs seek monetary relief in the category of damages – **monetary relief over $1,000,000.00** - and demands judgment for all other relief to which they deem they are entitled.

### I. Rule 193.7 Notice

39.     Pursuant to Texas Rules of Civil Procedure 193.7, notice is hereby given of the intention to use any of the documents exchanged and/or produced between any party during the trial of this case. All conditions precedent to Plaintiffs' right to recover the relief sought herein have occurred or have been performed.

## J. Jury Demand

40. Plaintiffs request that this case be tried to a jury and have tendered the appropriate jury fee with the filing of this Petition.

## K. Designated E-Service E-Mail Address

41. The following is the undersigned attorney's designated e-service e-mail address for all e-served documents and notices, filed and unfiled, pursuant to Tex. R. Civ. P. 21(f)(2) & 21a: legal@mytexasfirm.com. This is the undersigned's only e-service e-mail address, and service through any other e-mail address will be considered invalid.

## L. Prayer

42. WHEREFORE, PREMISES CONSIDERED, Plaintiffs request judgment of the Court awarding the following, all in amounts in excess of the jurisdictional minimums of this Court:

   a. Actual damages;
   
   b. Pre- and Post-Judgment interest;
   
   c. Costs of suit; and
   
   d. All other relief to which Plaintiffs may show themselves entitled.

Respectfully submitted,

*[signature]*

**JASON K. BURRESS**
State Bar No. 24036292
**KYLE H. DREYER**
State Bar No. 06119500
**KYLE R. HEJL**
State Bar No. 24035578
**BRIAN L. MINCHER**
State Bar No. 24052669
**BURRESS LAW, PLLC**
6617 Virginia Parkway
McKinney, Texas 75071
Tel: (214) 726-0016
Fax: (214) 865-7336
*E-Service E-mail: legal@mytexasfirm.com
*E-Service is only accepted at the above designated e-service e-mail address

**ATTORNEYS FOR PLAINTIFFS**